Citation Nr: 1607925 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 12-21 013A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to a compensable rating for ovarian cysts.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

N. Nelson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1991 to October 1997.

In May 2015, the Board denied entitlement to a compensable rating for the ovarian cysts. The Veteran appealed to the Veterans Claims Court. In December 2015, the Court Clerk granted a Joint Motion for Partial Remand (JMPR), vacating and remanding the matter to the Board for compliance with instructions in the JMPR. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Pursuant to the December 2015 JMPR, another examination is needed because the examiner failed to explain the conflicting evidence regarding the presence or absence of the Veteran's ovary or ovaries. The examiner diagnosed ovarian cyst, but also noted without further discussion that ultrasound images dated in 2009 and 2011 indicated that her ovaries were not visualized. Various other treatment records indicate that she had one ovary removed. As such, it is unclear whether she had one, both, or neither ovary removed. Remand is therefore required to obtain a new medical opinion on the existence and/or severity of the Veteran's ovarian cyst(s). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for an examination to address the significance of the non-visualization of her ovaries in the 2009 and 2011 ultrasound images, particularly in light of the conflicting evidence of record indicating that she had one ovary removed. 

The examiner should clarify whether there is mechanical or medical reason for non-visualization and should provide a definitive opinion on the presence or absence of the Veteran's ovaries after any additional testing that may be required. The examiner is also asked to address the following:

a. Whether the Veteran had one, both, or neither ovary removed; and 

b. If the Veteran is found to have one or both ovaries, provide an opinion on the current severity of the ovarian cyst(s). All symptoms associated with the ovarian cyst should be specifically identified.

All tests and studies deemed necessary should be conducted and all clinical findings should be reported in detail. The examiner must review the Veteran's claims file and must explain the complete rationale for all opinions expressed and conclusions reached. 

If the examiner cannot provide the requested opinion(s) without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

2. After completing all indicated development, and any additional development deemed necessary, readjudicate the claim in light of all the evidence of record. If any benefit sought on appeal remains denied, then a fully responsive supplemental statement of the case should be furnished to the Veteran and her representative and they should be afforded a reasonable opportunity for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L. HOWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).